IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS DODENHOFF,

    Plaintiff,                    No. CIV S-07-2215 GEB KJM PS

    vs.

PAUL BIANCHI III, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Defendants' motion to dismiss is pending before the court. The motion came on for hearing on February 27, 2008. Plaintiff appeared pro se. Defendants were represented by Lisa Ryan. Upon review of the documents in support and opposition, consideration of oral argument, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff alleges claims against his former employer for fraud, conversion, wrongful termination and tax evasion. The gravamen of plaintiff's complaint is that defendants wrongfully paid fringe benefit obligations under prevailing wage laws to a 401(k) plan. Defendant moves to dismiss for lack of subject matter jurisdiction.[1]

---

[1] Defendants move, in the alternative, to dismiss for failure to state a claim. Because the court finds there is no subject matter jurisdiction, it need not reach the alternative basis for dismissal.

1

1   In opposition to the motion to dismiss, plaintiff invokes the Davis-Bacon Act, 40
2   U.S.C. §§ 3141 et seq. (requiring prevailing wages on government contract work).  However,
3   there is no private right of action for employees under the Act.  See Operating Engineers Health
4   and Welfare Trust Fund v. JWJ Contracting, 135 F.3d 671, 676 (9th Cir. 1998).  Subject matter
5   jurisdiction under the Davis-Bacon Act therefore is not conferred for plaintiff's claims that
6   defendant converted his money by paying fringe benefits into a 401(k) plan and filed fraudulent
7   certified payroll records.

8   With respect to plaintiff's third cause of action for wrongful termination, allegedly
9   in retaliation for discussing his wages and working conditions, primary jurisdiction over such a
10  claim is vested with the National Labor Relations Board ("NLRB").  San Diego Building Trades
11  Council v. Garmon, 359 U.S. 236, 245 (1959); see also Garner v. Teamsters, 346 U.S. 485,
12  489-91 (1953) (power and duty of primary decision lies with NLRB); Jeannette Corp. v.
13  N.L.R.B., 532 F.2d 916 (3rd Cir. 1976) (discussion of wages protected under NLRA § 8).
14  Plaintiff acknowledged at oral argument that he has not filed a claim with the NLRB.  There is no
15  basis upon which plaintiff may proceed in this court on the retaliation claim raised here.

16  Plaintiff does not raise any possible basis for subject matter jurisdiction over the
17  tax evasion claim, in either the opposition or the complaint.  Nor is any basis for subject matter
18  jurisdiction readily apparent.

19  Accordingly, IT IS HEREBY RECOMMENDED that:
20  1. Defendants' motion to dismiss for lack of subject matter jurisdiction be
21  granted; and
22  2. This action be dismissed.
23  These findings and recommendations are submitted to the United States District
24  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
25  days after being served with these findings and recommendations, any party may file written
26  objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:  March 25, 2008.

_____
U.S. MAGISTRATE JUDGE

006
dodenhoff.57